UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON. F. LIVERPOOL
  Plaintiff

19 CV 5527

V.

THE CITY OF NEW YORK
SHILO DRUG AND theresiputic counseling program
DR JACKSON DIRECTOR and head psyciatrist cliniction of shilo thereputic program
PAROLE OFFICER: JOHN DOE #1
SHILO STAFF: JOHN DOE #2
SHILO STAFF: JANE DOE #1....et al

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. This is a s 1983 action filed by Plaintiff Anton Liverpool A out of STATE Detainee, alleging violation of his constitutional rights to receive medical care and seeking injunctive relief and money damages pursuant to the American's with disability's act and Rehabilitation Act. Plaintiff Also alleges a violation of his eight right's by the court's his attorneys and parole officer John Doe / SHILO Employes.

2. ### II Jusisdiction

Jurisdiction of this court is invoked pursuant to 28 U.S.C §1331 in that this is a civil action arising under the constitution of the UNITED STATES.

page # 1 of 9

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C § 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of congress providing for equal rights of persons within the jurisdiction of the united states

### III. Parties

4. Plaintiff: Anton Liverpool at all times relevent was confined by the Newyork department of corrections at Riker's Island and the V.C.B.C correctional facility then released to the supervision of the Shilo teripudic program.

5. Defendant The city of Newyork at all times relevent is and was a contractor of the department of corrections an employer of the court's and parole officer John Doe in addition to lawyer's representing Mr liverpool at relevent times.

Defendant

6. Shilo Drug a theripudic at all times relevent was and is in agreement with the court's and the city of Newyork to provide theripudic treatment and case/counseling to incarcirated indivijual's released too their treatment while in their facillaty. Theirin under contract singed by Mr Liverpool.

7. Defendant: D.R Jackson at all times relevent was the head and supervising psyciatrist at the shilo theripudic program.

8. Defendant parole officer John Doe #1 was a parole officer employed by the city of New York with in the division of parole, acting under the color of state law being sued in his individual capacity.

9. Defendant John Doe #2 at all times relevent was an employe at the Shilo drug and theripudic program and is being sued in his indivijual capacity.

10. Defendant Jane Doe #1 at all times relevent was an employe at the Shilo drug and theripudic program an is being sued in her indvijual capacity.

11. Defendant Jane Doe #2 at all times relevent was an employe at the Shilo drug and theripudic program and is being sued in her indivijual capacity.

12. Defendant Alicia briody was at all times relevent an attorney with the brooklyn legal aid services and is being sued in her indivijual capacity.

13. Defendant Jane Doe #3 at all times relevent was an employe with the Queens legal aid sociaty and is being sued in her indivijal capacity.

14. Defendant Jane Doe #4 at all times relevent was an employe with the brooklyn defender's services and is being sued herein in her indivijual capacity.

## IV. Exhaustion of Available Remedies

15. Plaintiff exhausted his administrative remedys before filing this complaint

## V. Factual Statement

16. On or about June too July 2016 plaintiff was relased to the Shilo Drug and theripudic program [w 34th, 7th] in Newyork by the court's of Queens county NY and the department of corrections.

17. After an Intake interview with his assinged counselor plaintiff singed a contract stating that no physical contact is allowed between client's or client's and staff, whereapon exiiting the facillity he was inapproately fondled on the buttox area by parole officer defendant John Doe, whereapon plaintiff reported the incident too defendant John doe #2 and defendant Jane doe #1

18. After speaking with parole officer John Doe #1 shilo staff counselor/employe Jane doe #1 came back and told plaintiff that parole officer John Doe #1 (one) thought I was one of his parolees and that I shouldint make an issue of it that I should just leave it alone.

19. Plaintiff made know too his queen's attorney Jane doe #3 from the legal aid sociaty of the incident of inapporiate physical contact inappropiate touching by parole officer John Doe #1 too the wich Jane Doe #3 failed as my attorney too notify the court's or ingcier and enshure my safety in the program on my behalf.

20. plaintiff also made known too then acting attorney Jane Doe #4 for the brooklyn defenders office standing in for Alicia briody of the incident of inappropiate touching by p.o. John doe #1 to the wich she was indiffrent. Jane Doe #4 did not seek too protect this plaintiff from further exposure too the unsafe enviorment of the shilo drug and theripudic program either threw the court's or by contacting staff at the shilo theripudic program on plaintiff's behalf.

21. plaintiff reported the incident too attorney alycia briody of the brooklyn defenders services when she returned as plaintiff's acting attorney. Miss briody failed too mitigate through the court's system on plaintiff's behalf too enshure he be mandated too another and safer theripudic program.

22. Plaintiff's acting attorney Alycia briody did inquier too the shilo theripudic program staff as too plaintiff's claim of being inappropiately fondled at the location of shilo theripudic program too the wich staff affirmed plaintiff's claim but took no action on his behalf. Shilo's theripudic head phsyciatrist D.R Jackson and plaintiff's assinged counselor Jane doe #2 failed too inform the divison of parole of parole offer's John Doe #1's actions or inshure plaintiff's safety by precautionary meashures while at the shilo theripudic program.

23. Shilo employe's violated plaintiff's eighth and fourteenth amendment right's to be free from deliberate indifference to his safety, while acting under the charter of The Shilo clinical organization.

24. The New york department of corrections, New york Queen's and brooklyn county court's system were acting under the color of state law when he was released too the Shilo theripudic program with an active pending missdemenor warrant in to an unsafe theriputic enviorment, and into the care of neglegent theripudic clinictions.

## VI Claims of relief

### A. Failure to protect

25. THE CITY OF NEW YORK's employe's and acti agencies (department of corrections and queen's plus brooklyn court's system employes) failed too protect plaintiff when they released him too an unsafe theriputic enviroment violating his eighth amendment and fourteenth amendment's right's too be free from crule and unusual punishment in the form of a court mandate

26. As a result plaintiff was subjected to crule psyciactric torture under demeaning circumstances when placed in a unhealthy mental health enviroment by the court's and the New york department of correction's both acting as agent's of the city of New york.

27. The failure of plaintiff's attorney's too protect him from exposure too unhealthy and unsafe mental health practictioners in an counterehibilitative enviroment

constituted a violation of his eighth and fourteenth amendment right's. (miss briody et al...

### B. Deliberate indifference to Medical needs

28. The refusal of shilo theripudic employes to address this plaintiff grievences in a theripudic manner and lack of profeshionalism by not notifying the departmet of parole of officer John Doe #1's inappropiate physical contact to the person of Liverpool in a theriputic eviroment constitutes a violation of plaintiff's eighth amendment right's.

29. As a result of shilo mentalhealth theripist's faliure to provide needed theripudic care in light of the misconduct of officer John doe #2, or a safe enviroment for Liverpool plaintiff suffred severe emotional and psyclogicl trauma and injury. throphy counselor's as known to plaintiff are: D.R Jackson, Jane doe #1, Jane Doe #2, John doe 2. resulting in medecal malpractice

30.        VII Negligence of duty
The failure of defendant John doe #1 to up hold the law and afford plaintiff the right's of the constitution of the united states of America therein disregarding his duty as an officer of the law to follow the code's of conduct of his office While on duty in the shilo program is a clear violation of the law and plaintiff's eight amendment right's. in addition to his fourteenth amendment's

31 defendant John Doe #1 (one) actions of placing his hand on the buttox area of Mr Liverpool while plaintiff was in a theriputic program seeking mental health counseling resulted in a setback of liverpool's mental health theropy and rehabilitations, therefore causing liverpool serios mental health and emotional injuries.

### VIII Relief Requested

32 WHEREFORE, Plaintiff requests that this court grant the following relief:

A. Declare that Defendant John doe #1 violated plaintiff's eighth amendment rights when he fondled Mr Liverpool in the buttox area of plaintiff's body

B. Declare that shilo mental health therapist employed at the time of the underlining incident of this complaint failed to provide a safe and healthy mental health enviroment for Liverpool resulting in malpractice of their medical Hippocratic oath.

C. Declare that the city of Newyork and the city of newyork employees faild to uphold the plaintiff eighth and fourteenth amendment rights by releasing liverpool to the shilo program while he had an active warrant, resulting in a violation of those (said) rights.

D. Declare that Attorneys aforementioned Miss briody Jane-doe #3 and Jane doe #4 faileds to up hold and protect Liverpool's eighth and fourteenth amendment right

as his legal representatives, in that they faild too notify the courts of the impending danger Liverpool was in at shilo treatment in the form of what constitue's to a sexual assalt resulting in mental health and emotional injuries.

E. Award compensatory damages for plaintiff's physical, mental psychiatric and emotional injuries, and punitive damages against each defendant in the amount of $1,500,000. (1.5 million) dollars.

F. Grant plaintiff such other relief as it may appear plaintiff is entitled to.

Eric J. Laurianno
Notary Public, State of Rhode Island
ID #: 62606
Commission Expiration: 9/8/2020

x Anton F. Liverpool ID# 155551
Anton F Liverpool 6-3-2019
Intake center p.o. box 8249
cranston R.I 02920

Affidavit or Declaration of verification.

The affiant swears and declares that the facts stated in the above complaint are true to his knowledge and that the facts stated on information and belief are true to the best of his knowledge, and belief. pursuant to 28 U.S.C 1746, I declare under penalty of perjury that the aforementioned and following is true and correct

x Anton Liverpool
6-4-2019

STATE OF RHODE ISLAND)
County of Cranston  AFFIDAVIT of Anton Liverpool
Notary x

page #9 of 9

From: Anton Livespool, 155581
Intake center, Po box 8244
Cranston, RI, 02920

U.S. POSTAGE >> PITNEY BOWES
ZIP 02920 $ 000.65⁰
02 4W
0000335907 JUN 08 2019

RECEIVED
NY PRO SE OFFICE

JUN 13 PM 12: 09

S.D. OF N.Y.

TO: UNITED STATES DISTRICT COURT
Southern District of New York
500 pearl st Newyork NY 11301
Pro-se—Intake UNIT

Legal MAIL

INMATE CORRESPONDENCE
CONTENTS HAVE NOT BEEN CENSORED,
SENDER IS NOT AUTHORIZED TO
ENTER INTO ANY CONTRACTS.