UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON F. LIVERPOOL,

                Plaintiff,

-against-

THE CITY OF NEW YORK; SHILO DRUG AND THERAPEUTIC COUNSELING PROGRAM; DR. JACKSON, DIRECTOR AND HEAD PSYCHIATRIST CLINICIAN OF SHILO THERAPEUTIC PROGRAM; PAROLE OFFICER JOHN DOE #1; SHILO STAFF JOHN DOE #2; SHILO STAFF JANE DOE, *et al.*,

                Defendants.

1:19-CV-5527 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at the Anthony P. Travisono Intake Service Center in Rhode Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated July 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants are the Shilo Drug and Therapeutic Counseling Program (Shilo), Shilo Director and Head Psychiatrist Dr. Jackson, and two Doe Shilo staff members (Shilo Defendants); a John Doe parole officer; the City of New York; Brooklyn Legal Services attorney Alicia Briody; Queens Legal Aid Society employee Jane Doe #3; and Brooklyn Defender Service attorney Jane Doe #4. (ECF No. 1 ¶¶ 12-14.) The complaint contains the following allegations. In June or July 2016, Plaintiff was released "from the courts of Queens County NY and the Department of Corrections" to Shilo. (*Id.* ¶ 16.) After an intake with his assigned

2

counselor, Parole Officer John Doe "inappropriately fondled" Plaintiff's buttocks. According to Plaintiff, he reported the incident to Defendants, but none of them took any action to ensure his safety at Shilo. (*Id.* ¶ 22). According to Plaintiff, Shilo employees John Doe #2 and Jane Doe #1 told Plaintiff to "just leave it alone." (*Id.* ¶ 18.). Plaintiff claims that the Shilo Defendants, in failing to act on his complaint, subjected him to cruel and unusual punishment, and were negligent in providing mental health treatment. He further states that his attorneys were "indifferent" to his allegations and "failed to mitigate" the harm to him "through the court's system." (*Id.* ¶¶ 19-29.)

## DISCUSSION

### A. Parole Officer

Plaintiff's allegation that a John Doe parole officer groped him could state a claim under § 1983. But Plaintiff does not provide enough information for the parole officer's identity to be ascertained. Moreover, Plaintiff has not established the parole officer's connection to Shilo. For example, it is not completely clear that the groping incident occurred at Shilo, or what relationship, if any, the parole officer had with Shilo. The Court grants Plaintiff leave to file an amended complaint that provides more facts about the incident, the parole officer, and his relationship to Shilo.

### B. Shilo Defendants

To state a claim under § 1983, a plaintiff must allege both that: (1) a person acting under the color of state law, or a "state actor"; (2) violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Shilo appears to be a private treatment facility, not a state actor. If that is the case, Shilo and its employees are not state actors. A private entity's activity can be attributed to the government in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the government. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff asserts that he was released from DOC custody to Shilo. But even if Plaintiff was required to participate in an inpatient treatment program as an alternative to incarceration, he has not plausibly alleged that the Shilo Defendants are state actors who would be subject to liability under § 1983. *See, e.g.*, *Vaughn v. Phoenix House Programs of New York*, No. ECF 1:14-CV-3918 (RA), 2015 WL 5671902, at *5 (S.D.N.Y. Sept. 25, 2015) ("That Plaintiff opted to participate in the program at Phoenix House in lieu of completing a prison sentence does not does not transform the treatment facility and its employees into state actors, nor does it render their actions in implementing the internal requirements of the treatment program — which were not created or directed by the court — into state action."); *Mele v. Hill Health Ctr.,* 609 F. Supp. 2d 248, 258–59 (D. Conn. 2009) (finding no state action by defendants who administered a drug intervention program even though the state permitted criminal defendants to complete such program in lieu of prosecution or serving a sentence).

Moreover, even if the Shilo defendants could be deemed to be state actors, it is not readily apparent that they had any control over the parole officer, or had a duty to protect

Plaintiff from the parole officer. The Court grants Plaintiff leave to amend his complaint to provide any additional facts that may exist about the relationship between the parole officer and Shilo.

C.     **Attorneys**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As the attorney-Defendants (Brooklyn Legal Services attorney Alicia Briody, Queens Legal Aid Society employee Jane Doe #3, and Brooklyn Defender Service attorney Jane Doe #4) are private parties who do not work for any state or other government body, Plaintiff has not stated a § 1983 claim against them.

5

### D. City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege facts suggesting that a municipal policy, custom, or practice caused his injury, and thus his complaint does not state a claim against the City of New York.

### E. Leave to Amend/Plaintiff's Litigation History

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has filed a number of *pro se* cases in this Court. *See Liverpool v. City of New York*, ECF 1:18-CV-01354, 1 (PAE) (BCM) (S.D.N.Y. filed Feb. 13, 2018) (pending); *Liverpool v. Davis*, ECF 1:17-CV-03875, 1 (KPF) (S.D.N.Y. filed May 22, 2017) (pending); *Liverpool v. Cleveland*, ECF 1:17-CV-2244, 2 (CM) (S.D.N.Y. Mar. 29, 2017) (transferring case to the United States District Court for the Eastern District of New York); *Liverpool v. Morgan*, ECF 1:00-CV-00722 (DC) (S.D.N.Y. July 12, 2000) (dismissing complaint without prejudice for failure to prosecute).

In light of Plaintiff's litigation history, he should be able to plead facts stating a § 1983 claim should they exist.[2] Accordingly, the Court grants Plaintiff leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

---

[2] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." The Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-5527 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 7, 2019
        New York, New York

                                          COLLEEN McMAHON
                                   Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                              State                 Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

**IV. DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

Defendant 2:

_____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

Defendant 3:

_____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

Defendant 4:

_____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____