UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON LIVERPOOL,

                 Plaintiff,

-against-

CITY OF NEW YORK; PAROLE OFFICER
WILLIAMS; JOHN DOE #2; JOHN DOE #1,

                 Defendants.

19-CV-5527 (JGK)

ORDER

JOHN G. KOELTL, United States District Judge:

Plaintiff, currently incarcerated at the Anthony P. Travisono Intake Service Center in Rhode Island, brings this *pro se* action under 42 U.S.C. § 1983. By order dated July 11, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed a complaint alleged that in June or July 2016, he was released "from the courts of Queens County NY and the Department of Corrections" to Shilo, a therapeutic treatment program. (ECF No. 1 ¶ 16.) After meeting with his assigned counselor, a John Doe parole officer "inappropriately fondled" Plaintiff's buttocks. Plaintiff reported the incident to

other parole officers, Shilo employees, and his criminal defense attorneys, but none of them took any action on his complaint.

By order dated August 17, 2019, Chief Judge McMahon directed Plaintiff to file an amended complaint to provided additional information about the parole officer's identity, and to address other deficiencies in his original pleading.

Plaintiff filed an amended complaint on July 7, 2020, which identifies the parole officer who touched him improperly as Officer Williams. Named as defendants are Parole Officer Williams, John Doe Parole Officers #1 and #2, Dr. Jackson at Shilo, and the City of New York, The amended complaint reiterates the allegations in the first complaint and does not provide other details about what occurred or where. Plaintiff seeks money damages.

## DISCUSSION

### A.     John Does #1 and #2 and Dr. Jackson

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff alleges that he complained to the other defendants about Parole Officer Williams's conduct, but none of them acted upon his complaint. These facts do not give rise to an inference that any other defendant was personally involved in violating Plaintiff's constitutional rights.[3] Plaintiff does not allege that any of these other individuals were responsible for the actions of Parole Officer William or for supervising him. The Court dismisses the claims against these defendants but grants Plaintiff leave to replead should additional facts become available to support claims against these defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the

---

[2] "Although the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[3] In the order to amend, Chief Judge McMahon noted that it was not clear that Shilo or any of its employee are state actors for § 1983 liability. *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

4

plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff names the City of New York as a defendant, but he fails to show that a municipal policy, custom, or practice played a role in the events giving rise to this complaint. In fact, there are no facts suggesting any involvement by the City of New York in what occurred. Accordingly, the claims against the City of New York are dismissed for failure to state a claim on which relief may be granted.

### C.     Parole Officer Williams

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify Parole Officer Williams, who was Plaintiff's parole officer in June 2016, while Plaintiff was enrolled at Shilo. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision (DOCCS), must ascertain the identity and badge number of Parole Officer Williams, described by Plaintiff as "an African American (black) male approximately six feet two inches in height and about 200 lbs," and the address where that defendant may be served.[4] (ECF No. 18 at 2.) The New York State Attorney General's Office must provide this information to the Court within sixty days of the date of this order.

---

[4] If Officer Williams is not a current or former DOCCS employee or official, but otherwise works or worked at a DOCCS facility, the New York State Attorney General's Office must provide a residential address where the individual may be served.

Once the Court receives that information, it will issue an order directing the Clerk of Court to complete the USM-285 form with the address for Parole Officer Williams and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

Plaintiff's claims against the City of New York, John Doe #1, John Doe #2, and Dr. Jackson, are dismissed for failure to state a claim on which relief may be granted. Plaintiff is granted leave to replead those claims.

It is also ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision (DOCCS), must ascertain the identity and badge number of Parole Officer Williams as described above.

The Clerk of Court is directed to mail a copy of this order and the complaint by certified mail to the New York State Attorney General's Office at: 28 Liberty Street, New York, New York, 10005.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 8, 2020
        New York, New York

_____
JOHN G. KOELTL
United States District Judge