UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON F. LIVERPOOL,

                        Plaintiff,

        - against -

THE CITY OF NEW YORK, ET AL.,

                    Defendants.

19-cv-5527 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Anton Liverpool, has moved for reconsideration of this Court's Memorandum Opinion and Order dated September 16, 2021 which dismissed this case for failure to serve the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 46 ("Dismissal Order"). In the Dismissal Order, the Court noted that despite the best efforts of defendant the City of New York, the identity of an unnamed John Doe defendant in this case, given only as "Parole Officer Williams," was unable to be ascertained. The City of New York has engaged in a long process to identify Parole Officer Williams, see ECF Nos. 30, 36, 39, 42, but has ultimately been unsuccessful, and all the other defendants in this case have been dismissed, see ECF Nos. 22, 46.

    The plaintiff now moves for reconsideration of the Dismissal Order on the basis that the plaintiff now recalls that the John Doe defendant's surname was Brown, not Williams. The

plaintiff seeks a renewed inquiry into the identity of "Parole Officer Brown" so that Brown can be served with the summons and complaint. For the following reasons, the motion for reconsideration is **denied.**

I.

Local Civil Rule 6.3 provides that a party may move for reconsideration of a prior "court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, and that a Rule 60(b) motion shall be "made within a reasonable time." Fed. R. Civ. P. 60(b)-(c)(1).[1]

In this case, the motion for reconsideration was filed on January 27, 2023, ECF No. 49, over a year after the Dismissal Order was issued on September 16, 2021, ECF No. 46. The time to file a motion for reconsideration has long passed, and to the extent that the motion seeks relief from the order of dismissal, it is untimely under Rule 60 because it was not filed within a

---

[1] Relief under grounds specified in Rule 60(b)(1), (2), and (3) must be brought within a year of the entry of the judgment or order but a motion for "any other reason that justifies relief" need only be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

reasonable time. See <u>PRC Harris, Inc. v. Boeing Co.</u>, 700 F.2d
894, 897 (2d Cir. 1983) (finding that a delay of "almost one
year" was unreasonable). Accordingly, the motion for
reconsideration is **denied**.

### CONCLUSION

The plaintiff's motion for reconsideration is **denied**. The
Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:      New York, New York
            April 3, 2023

                                        John G. Koeltl
                                United States District Judge